**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**
Appellant,

v.

**TRUCK INSURANCE EXCHANGE,**
Respondent.

Nos. 60573, 60613.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 24, 1992.

Sharon E. Wilkes, St. Louis, for appellant.

David G. Ott, Stephen H. Ringkamp, Robert D. Huelskamp, St. Louis, for respondent.

CRIST, Judge.

This appeal arises from a summary judgment rendered in favor of Truck Insurance Exchange in a declaratory judgment action filed by American Family Mutual Insurance Company. The declaratory judgment action sought a determination as to whether American Family Mutual Insurance Company or Truck Insurance Exchange owes Ricky Gillam liability insurance coverage for injuries claimed as the result of an automobile accident. American Family and Truck Insurance Exchange each filed a motion for summary judgment. Truck Insurance Exchange's motion for summary judg-

ment was granted. We reverse and remand.

Truck Insurance Exchange issued a policy of automobile insurance to Thornton Motor Company. This policy covered a 1984 Mazda pick-up truck owned by Thornton Motor Company. A policy of automobile insurance was also issued by American Family to Austin E. Gillam covering a 1977 Chevrolet Malibu. Ricky Gillam is the son of Austin E. Gillam. At the time of the accident Ricky Gillam was employed by Thornton Motor Company as a porter.

On October 17, 1989, the 1977 Chevrolet Malibu was in need of repairs and Ricky Gillam took it to an automotive shop. The same day, Bill Thornton, a principal of Thornton Motor Company, told Ricky Gillam that if he needed a ride home from work he could use one of the trucks on the lot. Pursuant to this permission, Ricky Gillam drove the aforesaid 1984 Mazda pick-up truck home that evening. On his way home from his girlfriend's house, Ricky Gillam was involved in an automobile accident with alleged personal injuries.

Truck Insurance Exchange argued its policy did not provide coverage to Ricky Gillam for any losses arising out of the automobile accident of October 17, 1989, because its policy contained an "escape clause." The trial court agreed. However, it is not clear from this record whether or not the "escape clause" is applicable.

■ The "escape clause" upon which Truck Insurance Exchange relies to deny liability coverage to Ricky Gillam is as follows:

> (3) the insurance with respect to any person described in (c)(1) or (c)(2), other than directors, stockholders, partners, members or employees of the named insured while acting within the scope of their duties as such, shall not apply if there is any other valid and collectible insurance applicable to the same loss covering *such person as a named insured or as an agent or employee of a named insured,* under a policy with limits of liability at least equal to the requirements of the Financial Responsibility Law. In the event there is such other valid and col-

lectible insurance, the two or more policies shall not be construed as providing cumulative or concurrent coverage; and only that policy which covers the liability *of such person as named insured, or as an agent or employee of a named insured* shall apply.... (Emphasis added.)

This clause may or may not be applicable. An automobile policy issued to Austin Gillam covering a 1985 Buick was in evidence rather than the policy covering the 1977 Chevrolet Malibu. Apparently the policy provisions were otherwise the same. Other parts of the record show Ricky Gillam was not a "named insured" under American Family's policy. Ricky Gillam's father, Austin E. Gillam, is the named insured. Generally, "named insured" refers only to those persons specifically designated on the face of the contract. *Swift & Company v. Zurich Insurance Company,* 511 S.W.2d 826, 829 (Mo.1974).

■ Further, there is a question as to whether or not Ricky Gillam was his father's "agent." Title to the car was in the father's name. However, Ricky really owned the car. The question of whether or not there was agency was a question of fact to be determined by the trial court. In summary judgment actions we view the evidence in a light favorable to the party against whom summary judgment is ordered.

The trial court's grant of summary judgment in favor of Truck Insurance Exchange is reversed and remanded for further proceedings.

PUDLOWSKI, P.J., and STEPHAN, J., concur.